UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SAMUEL MORELAND,

        Petitioner,

  v.                                                         Case No. 16-cv-379-pp

MICHAEL MEISNER,

        Respondent.

---

**ORDER DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING (DKT. NO. 13) AND CONSTRUING THE MOTION AS A SUR-REPLY TO THE RESPONDENT'S MOTION TO DISMISS (DKT. NO. 11)**

---

On March 28, 2016, the plaintiff filed a petition for *habeas corpus* relief under 28 U.S.C. §2254, challenging his 2009 conviction in Milwaukee County Circuit Court for first-degree reckless homicide and drug delivery. Dkt. No. 1. The court screened the petition, and ordered the respondent to answer or otherwise respond by mid-September 2016. Dkt. No. 5. On September 16, 2016, the respondent filed a motion to dismiss the petition. Dkt. No. 9.

The motion to dismiss asserts that the petitioner filed his *habeas* petition outside the one-year limitations period mandated by 28 U.S.C. §2241(d)(1). Id. at 1. In the supporting brief, the respondent asserted that the one-year period for the petitioner to file in federal court started on August 11, 2013, because that was the ninetieth day after the time for the petitioner to seek *certiorari* in the Supreme Court expired. Dkt. No. 10 at 3-4. The respondent conceded that the one-year clock stopped running when the petitioner filed his Wis. Stat. §974.06 postconviction petition on July 30, 2014, but noted that it started

again when the Wisconsin Supreme Court denied his petition for review on that motion on March 7, 2016. Id. at 5. The respondent's math showed that the petitioner had filed his federal petition 374 days after the clock started running (taking into account all tolled time), and thus that he had filed the petition nine days outside of the statutory limitations period. Id. The respondent also argued that the petitioner was not entitled to "equitable tolling," asserting that the petitioner could not prove that "extraordinary circumstances" prevented him from timely filing the petition. Id. at 6.

On November 4, 2016, the petitioner filed his opposition to the motion to dismiss. Dkt. No. 11. He listed several reasons why the court should "toll" the one-year limitations period—he argued that his schizophrenia had impeded his ability to complete paperwork in a timely fashion, id. at 1; that there had been many days that he didn't have access to the prison library to do research, id. at 2; that he had acted with due diligence, id.; that if he did file late, the court should excuse it because he had presented newly-discovered evidence, id. at 3; and that a under the reasoning in the Seventh Circuit's decision in Pidgeon v. Smith, 785 F.3d 1165 (7th Cir. 2015), he was entitled to relief, id. at 3-4.

The respondent filed a reply, asserting that the petitioner's arguments amounted to the assertion that the court should equitably toll the limitations period. Dkt. No. 12. Three weeks later, the petitioner filed this motion, asking the court to grant him equitable tolling. Dkt. No. 13. In the motion, he argues that the case the respondent cited in his reply brief was distinguishable from

his case, and providing additional evidence in support of his claim that he had newly-discovered evidence. Id. at 1-2.

The court first notes that the motion to dismiss has been pending for a long time. The court has the motion under advisement, and hopes to issue its decision soon.

But the petitioner's motion for equitable tolling is procedurally improper. The arguments he presents in the motion are his attempt to get the "last word" on the respondent's arguments. The court's screening order provided that if the respondent filed a motion to dismiss, the petitioner had forty-five days to respond, and the respondent had thirty days to reply. Dkt. No. 5 at 20. The court did not provide for the *petitioner* to file a sur-reply. Calling his sur-reply a "motion for equitable tolling" doesn't change the fact that it is a sur-reply.

Despite the fact that the court did not give the petitioner the authority to file a sur-reply, the court notes that it is short. It simply argues that one of the cases the respondent cited is distinguishable from the petitioner's facts, and it reiterates an argument he made in his opposition brief.

The court will deny the motion for equitable tolling, but will construe it as a sur-reply, and will consider it along with the petitioner's other arguments in deciding the motion to dismiss.

The court **DENIES** the petitioner's motion for equitable tolling. Dkt. No. 13. The court **CONSTRUES** the motion as a sur-reply opposing the motion to dismiss.

Dated in Milwaukee, Wisconsin this 28th day of September, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**