UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SAMUEL MORELAND,

    Petitioner,

v.              Case No. 16-cv-379-pp

MICHAEL MEISNER,

    Respondent.

---

**ORDER GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME TO APPEAL (DKT. NO. 22), GRANTING MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING FILING FEE (DKT. NO. 28) AND GRANTING MOTION TO SUPPLEMENT (DKT. NO. 29)**

---

  On March 10, 2020, the court granted the respondent's motion to dismiss the case as untimely under AEDPA, finding that the petitioner had not established grounds to apply the doctrine of equitable tolling. Dkt. No. 18. The court did, however, grant a certificate of appealability as to the equitable tolling issue. Id. at 27. The court entered judgment that same day. Dkt. No. 19.

  On April 10, 2020, the petitioner filed a motion for extension of time to file his appeal. Dkt. No. 22. He filed his notice of appeal that same day. Dkt. No. 23. Two weeks later, the petitioner filed a motion for leave to appeal without prepaying the filing fee, dkt. no. 28, and a motion to supplement, dkt. no. 29. This order resolves the outstanding motions.

1

## I. Motion for Extension of Time to Appeal (Dkt. No. 22)

Under Federal Rule of Appellate Procedure 4, the petitioner was required to file a notice of appeal within thirty days after the entry of judgment in the district court. Fed. R. App. P. 4(a)(1). The court entered judgment on March 10, 2020, so the petitioner's notice of appeal was due on April 9, 2020. The court received the notice of appeal on April 10, 2020. Dkt. No. 23. It received the petitioner's motion for an extension of time the same day. Dkt. No. 22. In fact, the plaintiff's notice of appeal indicated that he was "enclosing" the motion to extend time. Dkt. No. 23. The plaintiff dated both the notice of appeal and the motion to extend time April 6, 2020—three days before the deadline for filing his appeal.

The Rules allow the district court to extend the time to file a notice of appeal if "(i) A party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and . . . (ii) that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(i)-(ii). Although the court received the plaintiff's motion to extend time on April 10, he dated it April 6, and the court received it through the mail. This means that the plaintiff must have placed the motion in the mail prior to April 10 for the court to receive it on that date; he was confined at Redgranite Correctional Institution, some 120 miles from the Milwaukee courthouse.[1] Under the prison mailbox rule, a prisoner "files" a

---

[1] The Wisconsin Department of Corrections' Inmate Locator indicates that the petitioner is now at Oshkosh Correctional Institution, and has been there since June 24, 2020. https://appsdoc.wi.gov/lop. The court reminds the petitioner that it is his responsibility to update the court when his address changes.

document when he delivers it to the prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 275-76 (1988). It seems likely that the petitioner "filed" both his notice of appeal and his motion for an extension of time before the April 9, 2020 deadline, so his motion for an extension of time may not even be necessary. If it is, though, he has stated good cause for a one-day extension. The petitioner's motion states that he has been isolated since March 18 due to the prison's COVID-19 policies. Dkt. No. 22. The petitioner says he has been unable to access the law library and unable to access any other inmate who can help him. Id. He dated his motion April 6, 2020. The court will grant the petitioner's request.

II. **Motion for Leave to Appeal Without Prepayment of the Filing Fee (Dkt. No. 28)**

Under Fed. R. App. P. 24(a)(3), a district court may allow an appellant to proceed without prepaying the appellate filing fee if it finds the appellate to be indigent and the appeal to be taken in good faith. Fed. R. App. P. 24(a)(3). Because the Prison Litigation Reform Act does not apply to *habeas* cases, Walker v. O'Brien, 216 F.3d 626, 634 (7th Cir. 2000), the court decides whether a *habeas* applicant is indigent by relying on the information the petitioner provides in his affidavit of indigence. See Martin v. United States, 96 F.3d 853, 855-56 (7th Cir. 1996). As for good faith, district courts should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous,

3

meaning that it involved "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also, Coppedge v. United States, 369 U.S. 438, 445 (1962).

The petitioner's affidavit states that he receives approximately $8 in prison income per month. Dkt. No. 28 at 2. He reports no other assets or income. The court finds that he cannot pay the $505 filing fee. As for good faith, the court granted the petitioner a certificate of appealability on the issue of whether he qualifies for equitable tolling. Because granting a certificate of appealability is a higher threshold than taking an appeal "in good faith," Walker, 216 F.3d at 634, the court finds that the petitioner has taken this appeal in good faith. The court will grant the petitioner's motion for leave to appeal without prepaying the filing fee.

### III. Motion to Supplement (Dkt. No. 29)

The petitioner's motion to supplement the record asks the court to include several documents in the record on appeal. Dkt. No. 29. He asks to add a September 26, 2013 order denying post-conviction motion, dkt. no. 29-1 at 1, an October 11, 2013 order denying reconsideration of his post-conviction discovery motion, dkt. no. 29-1 at 2, and an affidavit estimating that his post-conviction discovery motions spent approximately eleven days in the mail or in the control of the Department of Correction, id. at 4. The court's March 10, 2020 order contained a footnote concerning these post-conviction discovery motions and determined that—even if they warranted tolling under 28 U.S.C.

4

§2244(d)(2)—the petition still would have been untimely. Because the petitioner's original pleadings reference these orders, the court will grant the petitioner's motion to supplement the record. The court will instruct the clerk of court to include the documents at Dkt. No. 29-1 in the record presented to the Seventh Circuit.

### IV. Conclusion

The court **GRANTS** the petitioner's motion for extension of time to file his notice of appeal. Dkt. No. 22.

The court **ORDERS** that the petitioner's time for filing his notice appeal is **EXTENDED** until April 10, 2020 and **FINDS** that the notice of appeal was timely filed.

The court **GRANTS** the petitioner's motion for leave to appeal without prepaying the $505 appellate filing fee. Dkt. No. 28.

The court **GRANTS** the petitioner's motion to supplement the record. Dkt. No. 29.

The court **ORDERS** the clerk to include the documents at Dkt. No. 29-1 as part of the appellate record.

Dated in Milwaukee, Wisconsin this 9th day of July, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**